UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. |
| | ) | 5:19-cr-110-JMH-EBA-1 |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 5:20-cv-349-JMH-EBA |
| | ) | |
| JULIO CESAR CORDERO-BARRIOS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*

This matter comes before the Court on Magistrate Judge Edward B. Atkins's Report and Recommendation [DE 53] recommending Defendant Julio Cesar Cordero-Barrios's motion seeking to vacate, set aside, or correct his sentence of 72 months and one day [DE 48] be denied. Cordero-Barrios filed a timely Objection to Magistrate Judge Atkins's Report and Recommendation [DE 54], so his Motion [DE 48] is ripe for review by this Court. Having considered the record, however, this Court agrees with Magistrate Judge Atkins's recommendation [DE 53]; therefore, Cordero-Barrios's § 2255 motion will be denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On June 6, 2019, Cordero-Barrios was charged by federal indictment with three counts of knowingly and intentionally distributing a quantity or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of § 841(a)(1) (Counts 1-3), one count of possession

with intent to distribute a quantity of a mixture or substance containing a detectable amount of fentanyl, in violation of § 841(a)(1) (Count 4), and one count of knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5). [DE 1]. Pursuant to a Plea Agreement [DE 28], the United States moved to dismiss Counts 1-3 in exchange for Cordero-Barrios pleading guilty to Counts 4 and 5 of the indictment. [*Id*.]. The Plea Agreement was accepted by the Court, and Cordero-Barrios pleaded guilty to Counts 4 and 5. [DE 29]. This Court sentenced Cordero-Barrios to a term of imprisonment of 72 months and one day, to be followed by three years of supervised release. [DE 31; DE 32]. Cordero-Barrios did not appeal his conviction.

Proceeding *pro* se, Cordero-Barrios then filed the present motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [DE 48]. Cordero-Barrios's sole argument is that this Court lacked jurisdiction to impose judgment upon him because the indictment was not returned in open court. [DE 48 at 4].

Magistrate Judge Atkins issued a Report and Recommendation [DE 53], recommending the Court deny Cordero-Barrios's Motion [DE 48] because (1) he failed to show there was any defect in the grand jury proceeding or indictment, (2) he waived his ability to bring this claim in his plea agreement, and (3) his claim is procedurally defaulted because it could have been raised on direct appeal but

was not. [DE 53 at 3-8]. Additionally, he recommends that this Court deny Cordero-Barrios's request for a certificate of appealability to the United States Court of Appeals for the Sixth Circuit because he has not made a "substantial showing" as to any perceived denial of his rights and because reasonable jurists would not find its determination on the merits debatable. [*Id*. at 8].

Cordero-Barrios filed a timely Objection to the Report and Recommendation. [DE 54]. Specifically, Cordero-Barrios objects to the magistrate judge's conclusion that his indictment was returned in open court and, therefore, was procedurally sound. [*Id*. at 1-3]. He objects to the conclusion that his claim is not procedurally proper because, in his view, his challenge is based on actual innocence. [*Id*. at 2]. And finally, he objects to the conclusion that he has not alleged a claim for ineffective assistance of counsel and is therefore barred from bringing this § 2255 challenge pursuant to his plea agreement. [*Id*.].

## II. STANDARD OF REVIEW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights that may be waived if the waiver is knowingly, intelligently, and voluntarily made."). For a petitioner to prevail on a 28 U.S.C. § 2255 claim, he must show that the judgment was rendered without

3

jurisdiction, or that the sentence imposed was not authorized by law nor open to collateral attack, or otherwise must show that there was "a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

Put another way, "[t]o prevail on a motion under § 2255, a [petitioner] must prove '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Goward v. United States*, 569 F. App'x 408, 412 (6th Cir. 2014) (quoting *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012)). The petitioner must sustain these allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence."); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). If the petitioner alleges a constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)); *Pough*, 442 F.3d at 964. Alternately, if he alleges a non-constitutional error, he must establish "a fundamental defect which inherently results in a complete

4

miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

A petitioner may object to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If the petitioner objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585-86 (6th Cir. 2005)). Because Corder-Barrios has specifically objected to the Magistrate Judge's conclusions that (1) he waived the ability to bring a motion under § 2255, (2) his claim is procedurally defaulted, and (3) his indictment was returned in open court, the Court reviews those conclusions *de novo*.

### A. WAIVER

First and foremost, the Court agrees with the Magistrate Judge's conclusion that Cordero-Barrios waived the right to collaterally attack his sentence by the terms of his plea agreement. The right to bring a collateral attack of one's sentence is statutory. As such, a knowing and voluntary waiver of that right

in a plea agreement is enforceable and bars such relief. *Watson v. United States*, 165 F.3d 486, 488-89 (6th Cir. 1999).

Turning to the present case, an examination of the record reveals that Cordero-Barrios knowingly, intelligently, and voluntarily waived his right to collaterally attack his sentence in his plea agreement. Cordero-Barrios's plea agreement contains the following clause: "Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence." [DE 28 at 4]. Cordero-Barrios signed the plea agreement on August 27, 2019. [*Id*. at 7]. Having found the defendant to be fully competent and capable of entering an informed plea, the Court accepted that plea agreement at Cordero-Barrios's rearraignment hearing on September 3, 2019. [DE 29 at 1].

While a defendant may challenge the validity of the waiver on the basis his plea was not made knowingly, intelligently, or voluntarily, or that it was the product of ineffective assistance of counsel, *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007), Cordero-Barrios has not articulated either of those arguments. The Defendant argues in his reply brief that his plea is not binding because the indictment was invalid. [DE 52 at 2]. And, in his objection, the Defendant additionally argues that his plea was the product of ineffective assistance of counsel because his defense counsel should not have proceeded to plea negotiations when the

6

indictment was invalid. [DE 54 at 2]. However, neither of these arguments challenge the validity of the plea itself, but they instead challenge the validity of the entire proceeding because of the perceived invalidity of the indictment.[1] These arguments are simply not enough to overcome Cordero-Barrios's waiver of his right to collaterally attack his conviction, so his waiver must be enforced. As such, Cordero-Barrios is barred from bringing his § 2255 motion because he waived the ability to do so in his plea agreement.

### B. PROCEDURAL DEFAULT

Additionally, the Court agrees with the magistrate judge's conclusion that Cordero-Barrios is also unable to bring his § 2255 claim because it is procedurally defaulted. "It is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)). As such, a defendant procedurally defaults a claim "by failing to raise it on direct review . . . ." *Bousley v. United*

---

[1] Additionally, neither of these arguments are properly before the Court because they appeared for the first time in Cordero-Barrios's reply and objection. "It is well-established that a party, including a movant in a motion under § 2255, may not raise an argument for the first time in a reply brief." *Hadley v. United States*, No. 1:06-CR-5, 2010 WL 2573490, at *6 (W.D. Mich. June 22, 2010); *see also Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act ... permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

7

*States*, 523 U.S. 614, 622 (1998)). Here, Cordero-Barrios did not appeal his conviction. [*See* DE 48 at 1 (showing that Cordero-Barrios checked "No" to the question "Did you appeal from the judgment of conviction?")]. So, he failed to raise his claim on direct review.

However, although his claim is procedurally defaulted, he is not necessarily precluded from raising it in a § 2255 motion. Claims that are procedurally defaulted because the defendant failed to raise them on direct appeal may still be raised in a motion under § 2255 if "the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Ray*, 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

First, Cordero-Barrios has not demonstrated cause for failing to raise his claim on appeal. Cause sufficient to excuse default typically consists of "some objective factor external to the defense" that prevented the defendant from raising the issue on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In his motion, Cordero-Barrios states that the reason he did not raise this issue on appeal was because "an appeal would have been a waste of the court's time." [DE 48 at 5]. Such an explanation is insufficient to meet the standard for demonstrating cause because it fails to point to any external factor independent of the defense

that prevented Cordero-Barrios from raising his claim on direct appeal.

Further, Cordero-Barrios does not properly allege a claim of actual innocence such that he may bring his procedurally defaulted claims in a § 2255 motion. The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Cordero-Barrios does not contend that he is factually innocent of the charge for which he was convicted, and he does not allege any new evidence. Instead, Cordero-Barrios alleges in his objection that his § 2255 claim is one of actual innocence because his indictment was invalid. [DE 54 at 2]. Such an argument is insufficient to overcome the requirement that the Defendant allege, based on new evidence, that he is factually innocent of his charges.[2] As such, Cordero-Barrios has not demonstrated cause for his failure to raise his claim on direct appeal or actual innocence, so his claim is also procedurally

---

[2] Again, in any case, this argument is not properly before the Court because Cordero-Barrios first asserted it in his objection. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act . . . permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

defaulted. This provides another independent basis to dismiss his claims.

### C. DEFECT IN INDICTMENT

Even assuming Cordero-Barrios's claim was not waived or procedurally defaulted, it would fail on the merits. Cordero-Barrios's sole claim in his § 2255 motion is that this Court lacked jurisdiction because the indictment was not returned in open court. [DE 48 at 4]. Specifically, he asserts that the indictment was not returned in open court because "[t]he Court's attention was not called" and because there was no transcript that shows the indictment was returned by a "legally constituted grand jury" whose "findings confer power on the Court to hear the case." [*Id.*].

Federal Rule of Criminal Procedure 6 provides that "A grand jury may indict only if at least 12 jurors concur. The grand jury— or its foreperson or deputy foreperson—must return the indictment to a magistrate judge in open court." Fed. R. Crim. P. 6(f). Cordero-Barrios's indictment complied with Rule 6(f) and was valid on its face: "It is signed by the foreperson of the grand jury and the assistant United States Attorney. Indeed, the indictment itself expressly indicates that it was filed in open court." *Hall v. United States*, 41 F. App'x 743, 744 (6th Cir. 2002) (rejecting argument that the district court lacked jurisdiction because the record did not indicate that the grand jury had returned defendant's indictment in open court because of these facts).

Moreover, any potential defect in his indictment would not deprive this Court of jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630-31 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case."); *see also Hall*, 41 F. App'x at 744 ("[E]ven under the former version of the Rule 6(f), the failure of the grand jury as a whole to present an indictment in open court did not rise to the level of a jurisdictional or a constitutional violation."). And, in any event, because the failure to bring an indictment in open court is not a jurisdictional error, Cordero-Barrios waived this argument by failing to bring it before pleading guilty. *See United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001) ("A voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings."); *see also United States v. Clarkson*, 321 F. App'x 534, 535 (8th Cir. 2009) (finding that defendant waived any claim that the indictment had not been returned in open court by pleading guilty to two counts of the indictment).

Accordingly, the Court also agrees with the magistrate judge's conclusion that Cordero-Barrios's claim fails on the merits because he cannot show any defect in the indictment and that this Court had jurisdiction to adjudicate his criminal case. As such, in addition to the two bases explained above, this basis also compels the Court to deny Cordero-Barrios's § 2255 motion.

**D. CERTIFICATE OF APPEALABILITY**

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When the court's denial is based on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the denial is based on a procedural ruling, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Cordero-Barrios cannot meet this burden. Under the facts presented, the Court cannot find that reasonable jurists would find debatable or wrong this Court's assessment of Cordero-Barrios's claim on the merits. Likewise, reasonable jurists would not find it debatable whether Cordero-Barrios's motion states a valid claim of the denial of a constitutional right. Therefore, the Court will deny a Certificate of Appealability.

### E. APPOINTMENT OF COUNSEL AND EVIDENTIARY HEARING

Finally, Cordero-Barrios asserts in his objection that this Court should "appoint counsel for [an] evidentiary hearing[.]" [DE 54 at 3]. An evidentiary hearing is not necessary "where the

petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Here, Cordero-Barrios's briefs, along with the record, conclusively show that he is not entitled to relief. *See Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001) (determining that no evidentiary hearing was warranted where federal prisoner's claims were "clearly without merit"). So, the Court will deny his requests for an evidentiary hearing and the appointment of counsel.

Accordingly, **IT IS ORDERED** as follows:

(1) Magistrate Judge Atkins's Recommended Disposition [DE 53] is **ADOPTED** and **INCORPORATED** by reference;

(2) Defendant Julio Cesar Cordero-Barrios's Objection [DE 54] is **OVERRULED**;

(3) Cordero-Barrios's Motion to Vacate or Set Aside Judgment and Sentence Under 28 U.S.C. § 2255 [DE 45] and Amended Motion to Vacate or Set Aside Judgment and Sentence Under 28 U.S.C. § 2255 [DE 48] are **DENIED:**

(4) Cordero-Barrios's request for an evidentiary hearing is **DENIED**;

(5) Cordero-Barrios's request for the appointment of counsel is **DENIED**;

(6) No Certificate of Appealability shall issue;

(7) This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(8) Judgment **SHALL** be entered contemporaneously with the Memorandum Opinion and Order.

This the 9th day of August, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge